UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM BROWN, #170378,

       Petitioner,

                              CIVIL CASE NO. 05-CV-72476-DT
v.                                  HONORABLE NANCY G. EDMUNDS

STATE OF MICHIGAN,

       Respondent.
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

I.     Introduction

      This is a habeas case under 28 U.S.C. § 2254.  William Brown ("Petitioner") is a state prisoner currently confined at the Gus Harrison Correctional Facility in Adrian, Michigan. Petitioner was convicted of three counts of first-degree criminal sexual conduct following a jury trial in the Wayne County Circuit Court and was sentenced to concurrent terms of 36 years and six months to 75 years imprisonment in 2003.  In his pleadings, Petitioner raises claims concerning the sufficiency of the evidence and the effectiveness of trial and appellate counsel. For the reasons set forth below, the Court dismisses without prejudice the petition for writ of habeas corpus.

II.    Analysis

      A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies.  *See O"Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues

by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must raise each issue he seeks to present in a federal habeas proceeding to the state courts. Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner has not met his burden of demonstrating exhaustion of state court remedies. From the documents he has submitted, it appears that he may have an application for leave to appeal pending in the Michigan Supreme Court which concerns the same convictions challenged herein. Further, it appears that he has not fully exhausted his ineffective assistance of counsel claims by presenting those issues to the Michigan Court of Appeals. Petitioner has additional remedies in the Michigan courts which must be exhausted before proceeding in federal court.

Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). If this Court were to review the claims presented, such an action would deny the state courts the deference to which they are entitled under 28 U.S.C. § 2254. The state courts must first be given a fair opportunity to rule upon all of Petitioner's claims before he can present those claims to this Court. Otherwise, the Court is unable to apply the standard found at 28 U.S.C. § 2254.

III.    Conclusion

For the reasons stated, the Court concludes that Petitioner has not fully exhausted his state court remedies. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for writ of habeas corpus. The Court makes no determination as to the merits of Petitioner's claims.

**IT IS SO ORDERED**.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: July 20, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 20, 2005, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager